Filed 2/24/2016 2:30:12 PM
Sherry Griffis
District Clerk
Harrison County, Texas

Angie Hayes
Deputy

CAUSE NO. **15-0842**

| | | |
|---|---|---|
| TOBY THOMPSON AND<br>MARY THOMPSON | §<br>§<br>§ | 71ST JUDICIAL DISTRICT COURT |
| VS | §<br>§ | |
| THE ESTATE OF PAUL T. SPIVEY | §<br>§ | OF |
| VS | §<br>§<br>§ | |
| HOUSTON INTERNATIONAL<br>INSURANCE GROUP, LTD | §<br>§ | HARRISON COUNTY, TEXAS |

## PLAINTIFFS' SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Toby Thompson and Mary Thompson, hereinafter referred to as Plaintiffs and make and file this their Second Amended Petition complaining of The Estate of Paul T. Spivey and Houston International Insurance Group, Ltd (hereinafter referred to as HIIG), and for causes of action would respectfully show the Court and Jury as follows:

I.

### PARTIES

The Plaintiffs, Mary Thompson and Toby Thompson are adult residents of Marshall, Harrison County, Texas. The Deceased Defendant's estate may be served by service upon the Executor named in the Will of Paul Spivey, Mrs. Lindsey Spivey.

The Defendant Houston International Insurance Group, Ltd is an interested party in this endeavor because it claims, rightly or wrongly, that it is entitled to subrogation interests from the proceeds awarded Toby and Mary Thompson herein. Houston International Insurance Group, Ltd has been served with process in this matter and has answered herein.

TRUE AND CORRECT COPY

## II.

## VENUE, DISCOVERY

This Court has jurisdiction and venue of this cause of action in accordance with Chapter 15, Texas Civil Practice & Remedies Code, because the cause of action herein complained of accrued in Harrison County, Texas. This case should be designated a Level 2 discovery case.

## III.

## SCENE

The calamity giving rise to the Plaintiffs cause of action occurred on or about September 30, 2014. Mr. Paul T. Spivey was traveling on US 80 when he crossed over the center line and drove into the truck that Mr. Toby Thompson was driving. The truck that Toby Thompson was driving then burst into flames and Toby was severely burned.

## IV.

## NEGLIGENCE

Each and every following act or omission of negligence was committed by the Defendant and each constitutes negligence or negligence per se, and operated singularly or collectively to proximately cause the injuries and damages sustained by the Plaintiff, Toby Thompson as follows:

1. In failing to look where he was going to see what was there to be seen.

2. In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

3. In violating the provisions of Sec. 545.060. DRIVING ON ROADWAY LANED FOR TRAFFIC. (a) An operator on a roadway divided into two or

TRUE AND CORRECT COPY

more clearly marked lanes for traffic: (1) shall drive as nearly as practical entirely within a single lane; and (2) may not move from the lane unless that movement can be made safely.

## V.

### HARMS AND LOSSES

Your Plaintiff, Toby Thompson, sustained injuries to his body which have caused him to suffer pain, mental anguish, physical impairment, loss of wages and disfigurement in the past and will in reasonable probability cause him to suffer pain, mental anguish, physical impairment, loss of wage earning compacity and disfigurement in the future; he was caused to undergo and incur medical expenses in the past and in reasonable probability into the future which were and will be reasonable in the vicinities where rendered. Toby Thompson's harms and losses require total monetary relief over $100,000.00 but not more than $300,000.00. Plaintiff seeks pre and post judgment interest as allowed by law.

Your Plaintiff, Mary Thompson, helped nurse her injured husband back to health. First, while Toby was in the hospital for many months, in addition to stress and worry, her life was totally disrupted. After Toby came home from the hospital, Mary had to change the bandages on his burns once and often twice daily and also assist in his recovery and physical therapy treatment. Mary Thompson sues for the loss of household services caused due to the injuries to her husband Toby Thompson and sues to recover the reasonable cost of nursing services she provided for her husband from the time of his collision to now and indefinitely into the future, and for loss of her consortium with her husband. Under these circumstances, Mrs. Thompson's harms and losses require total monetary relief over $100,000.00 but not more than $300,000.00. Plaintiff seeks pre and

TRUE AND CORRECT COPY

post judgment interest as allowed by law. Fair and adequate reimbursement for your Plaintiffs' harms and losses is within the minimum jurisdictional limits of this Court.

## VI.

## AGGRAVATION OF PRE-EXISTING INJURIES

Plaintiff, Toby Thompson says that if at the time the accidental injuries above enumerated were sustained, he was suffering from arthritis or any other disease or condition, then that the same was not disabling but that the injuries complained of herein caused such disease or condition to become aggravated, excited or accelerated in such a way so that it also became a producing cause of Plaintiff's disabilities.

## VII.

## REQUEST FOR DIVISION OF INSURANCE POLICY PROCEEDS

The Defendant's insurance company, Texas Farm Bureau, has tendered to the Plaintiffs the full amount of all insurance policies issued by it covering the collision in question. However, under the unique circumstances involved in this lawsuit, the Plaintiffs and Defendant estate of Paul Spivey request the Court hold a hearing, hear evidence from each of the Plaintiffs concerning their harms and losses and make a division of the insurance policy proceeds available to cover the Plaintiffs' harms and losses herein. Therefore, Plaintiffs request the Court, after having heard evidence in this case, order an equitable distribution of the insurance policy proceeds available in a manner which seems fair and just to the Court.

## PLAINTIFFS' ORIGINAL PETITION FOR DECLARATORY JUDGMENT

Toby Thompson and Mary Thompson, Plaintiffs herein, file this Petition for

TRUE AND CORRECT COPY

Declaratory Judgment, pursuant to the Texas Uniform Declaratory Judgments Act, Chapter 37 of the Texas Civil Practice and Remedies Code, and would show the Court the following:

## VIII.

## DISCOVERY CONTROL PLAN LEVEL

Plaintiffs intend that discovery be conducted under Discovery Level 2.

## IX.

## PARTIES AND SERVICE

A. Plaintiffs, Toby Thompson and Mary Thompson are adult residence of Harrison County, Texas.

B. Defendant Houston International Insurance Group, LTD (HIIG) has beern served with process in this matter and has answered.

## X.

## JURISDICTION AND VENUE

A. The subject matter in controversy is within the jurisdictional limits of this court.

B. Plaintiffs seek court determination of the amount, if any, of subrogation Houston International Insurance Group (HIIG) may correctly claim from Toby and Mary Thompson.

C. Venue in Harrison County is proper in this cause because the cause of action arose here.

D. This case is designated as an Expedited Action under Rule 169 T.R.C.P.

TRUE AND CORRECT COPY

## XI.

## FACTS

HIIG issued an accident policy of insurance which covered Toby Thompson's medical bills and lost earnings resulting from the wreck in question and it now contends it is entitled to subrogate against Mr. and Mrs. Thompson's recovery from the estate of Paul T. Spivey and Texas Farm Bureau. Specifically, HIIG has put the Plaintiffs and Texas Farm Bureau on written notice of its claim as shown by Exhibit A.

## XII.

## RELIEF REQUESTED

There exists a genuine controversy between the parties herein that would be terminated by the granting of declaratory judgment. Plaintiffs therefore request that declaratory judgment be entered as follows:

A. That the Plaintiffs Mary and Toby Thompson are entitled to judgment against HIIG that it is not entitled to any of their recovery from the estate of Paul Spivey and Texas Farm Bureau.

B. That the Plaintiffs recover all of their attorney's fees and court costs expended in this matter.

C. That the Plaintiffs recover pre-judgment and post-judgment interest as allowed by law. Specifically, this cause would have been resolved long ago but for the claim for subrogation by HIIG and HIIG should be responsible to reimburse the Plaintiffs pre-judgment and post-judgment interest during the time it has delayed their recovery from the estate of Paul Spivey and Texas Farm Bureau.

TRUE AND CORRECT COPY

## XIV.

## ATTORNEY'S FEES

Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, request is made for all costs and reasonable and necessary attorney's fees incurred by Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just.

## XV.

## DOCUMENT USAGE

Pursuant to Tex. R. Civ. P. 193.7, Plaintiffs intend to use all documents exchanged and produced between the parties including, but not limited to, correspondence and discovery responses, during the trial of the above-entitled and numbered cause.

## XVI.

## REQUEST FOR DISCLOSURE

Pursuant to Rule 194, you are requested to disclose within 50 days after service of the first Petition on you, the information and material described in Rule 194.2 TRCP.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that Defendants be cited in terms of law to appear and answer herein, and upon final hearing hereof, the Court enter an Order determining a fair distribution of the insurance policy proceeds available, determine whether HIIG is entitled to subrogation and if so, in what amount, and for such other and further relief as to which they may show themselves to be justly entitled.

TRUE AND CORRECT COPY

Respectfully submitted,

LAW OFFICES OF JIM AMMERMAN II
209 W. Rusk
Marshall, Texas 75670
Tel. No. (903) 938-2398
Fax No. (903) 938-2455

By: _____
Jim Ammerman II
State Bar No. 01157700
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

In keeping with Rule 21a of the Texas Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been served upon all attorneys of record via:

    X   ELECTRONIC MAIL
    ___ CERTIFIED MAIL/RETURN RECEIPT REQUESTED
    ___ TELEPHONIC DOCUMENT TRANSFER (FACSIMILE)
    ___ FEDERAL EXPRESS/EXPRESS MAIL
    ___ COURIER/RECEIPTED DELIVERY
    ___ REGISTERED MAIL/RETURN RECEIPT REQUESTED
    ___ HAND-DELIVERY (IN PERSON)
    ___ REGULAR MAIL

on this the 24th day of February, 2016.

_____
Jim Ammerman II

A TRUE COPY
of the Original hereof, I certify
*Sherry Griffis*
District Court Clerk
Harrison County, Texas
By _____
Deputy Clerk